UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANK P. GOURLEY,<br><br>　　　　　　　　　　　Petitioner,<br>v.<br>ISIDRO BACA, *et al.*,<br><br>　　　　　　　　　　　Respondents. | Case No. 3:16-cv-00029-MMD-VPC<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.

I.　*IN FORMA PAUPERIS* APPLICATION

Petitioner has filed an application to proceed *in forma pauperis*. (ECF No. 1). The fee for filing a habeas corpus action is $5.00. 28 U.S.C. § 1914(a). Based on the information regarding petitioner's financial status provided in his *in forma pauperis* application, the application is granted. *See* 28 U.S.C. § 1915. Petitioner need not pay the $5.00 fee for filing this habeas corpus action.

II.　REVIEW OF PETITION

This Court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court concludes that the petition must be dismissed without prejudice for the reasons discussed below.

In his federal habeas petition, petitioner admits that his appeal from the denial of his state post-conviction habeas petition is still pending in the Nevada Supreme Court. (ECF No. 1-1 at 1-6.) A review of the Nevada Supreme Court's electronic filing

1  database reveals that petitioner's appeal from the denial of his postconviction habeas
2  petition, at Case Appeal No. 70242, is still pending. (*See* C-Track Appellate Case
3  Management System, Case No. 70242, www.caseinfo.nvsupremecourt.us). Because
4  plaintiff's collateral criminal proceedings that he challenges in the instant federal habeas
5  corpus action are still pending in the Nevada Supreme Court, this action must be
6  dismissed, without prejudice, as discussed below.

7        This action must be dismissed because all of petitioner's federal habeas claims
8  are unexhausted in state court. The grounds presented in the federal petition are still
9  proceeding in state court. It is appropriate that the state court have the opportunity to
10 address and resolve any errors that may have occurred in the state court proceedings.
11 A federal court will not grant a state prisoner's petition for habeas relief until the prisoner
12 has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455
13 U.S. 509 (1982); *see also* 28 U.S.C. § 2254(b)(1)(A). The exhaustion rule in federal
14 habeas is codified at 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair
15 opportunity to act on each of his claims before he presents those claims in a federal
16 habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v.*
17 *Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has
18 given the highest available state court the opportunity to consider the claim through
19 direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896,
20 916 (9th Cir. 2004). Because petitioner has not exhausted his federal habeas corpus
21 claims in state court, his petition must be dismissed without prejudice, pursuant to Rule
22 4 of the Rules Governing Section 2254 Cases in the United States District Courts and
23 28 U.S.C. § 2254(b)(1)(A).

24       Further, dismissal is appropriate under the abstention doctrine. Under principles
25 of comity and federalism, a federal court should not interfere with ongoing state criminal
26 proceedings by granting injunctive or declaratory relief, absent extraordinary
27 circumstances. *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Middlesex County Ethics*
28 *Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). The *Younger* abstention

doctrine applies to claims raised in federal habeas corpus proceedings. *Edelbacher v. Calderon*, 160 F.3d 582, 587 (9th Cir. 1998); *Carden v. State of Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980), *cert. denied*, 449 U.S. 1014 (1980). The *Younger* abstention doctrine applies when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. at 432; *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994). Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction, and perhaps in other special circumstances where irreparable injury can be shown, is federal injunctive relief against pending state prosecutions appropriate. *Carden v. Montana*, 626 F.2d 82, 83-84 (citing *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

In the instant case, all prerequisites to the *Younger* abstention doctrine are present. First, petitioner is currently the subject of a collateral criminal proceeding in state court, which is ongoing and has not reached final adjudication. Second, the State of Nevada has an important interest in protecting the public through the prosecution of criminal proceedings. Third, the state court criminal proceedings afford an opportunity for petitioner to raise the constitutional claims asserted in the federal habeas petition. Finally, petitioner has not demonstrated any extraordinary circumstance why this Court should not abstain from entertaining the petition. For the reasons discussed above, the federal habeas petition is dismissed without prejudice.

### III. DENIAL OF A CERTIFICATE OF APPEALABILITY

In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of

appealability to be filed. Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases. Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

## IV.   CONCLUSION

It is therefore ordered that petitioner's motion to proceed in *forma pauperis* (ECF No. 1) is granted. Petitioner need not pay the $5.00 fee for filing this habeas corpus action.

It is further ordered that all pending motions in this action, including petitioner's motion for the appointment of counsel (ECF No. 1-2), are denied.

It is further ordered that this action is dismissed without prejudice.

It is further ordered that the Clerk of Court enter judgment accordingly.

It is further ordered that petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of Court add Adam Paul Laxalt, Attorney General of the State of Nevada, to the CM/ECF docket, as counsel for respondents. The Clerk of Court will electronically serve respondents with a copy of the habeas corpus petition and a copy of this order. Respondents need take no action with respect to this case.

DATED THIS 1st day of August 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE