UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FRANK P. GOURLEY,<br><br>Petitioner,<br>v.<br><br>ISIDRO BACA, *et al.*,<br><br>Respondents. | Case No. 3:16-cv-00029-MMD-VPC<br><br>ORDER |

This habeas matter comes before the Court for *sua sponte* reconsideration of the denial of petitioner's motion for appointment of counsel (ECF No. 1-2) and further for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases.

On *sua sponte* reconsideration, the Court finds that grant of the motion for appointment of counsel would be in the interests of justice in order to assure that petitioner's ability to litigate, *inter alia*, the question of whether his alleged mental health issues contributed to a potentially untimely federal filing is not impaired by (a) any such mental health issues, and (b) an inability to access his prison medical records. (*See* ECF No. 1-1 at 3 & 5; ECF No. 1-2 at 2-4. *See also* No. 3:17-cv-00379-MMD-WGC, ECF No. 1-2 at 2-3, & ECF No. 1-3.)

It is therefore ordered that the Clerk of Court file the motion for appointment of counsel, that the motion is granted, and that the Clerk reflect the grant of the motion along with the docket entry for the motion in a manner consistent with the Clerk's current practice. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It is further ordered that the Federal Public Defender will be provisionally appointed as counsel and will have thirty (30) days to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then will appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately one hundred twenty (120) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that, with the state attorney general previously having been served electronically, respondents' counsel must enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response will be required from respondents until further order of the Court.

The Clerk accordingly will send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division. The Clerk further will provide copies of all prior filings herein to both the Attorney General (to the extent not previously copied) and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

DATED THIS 11th day of October 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE